# IN THE COURT OF APPEALS OF IOWA

No. 3-1112 / 13-0507
Filed February 5, 2014

**BILL WEST and EVELYN WEST,**
    Plaintiffs-Appellants,

**vs.**

**AUGUST ZIEGLOWSKY and**
**SYSTEMS UNLIMITED, INC.,**
    Defendants-Appellees.
_____

Appeal from the Iowa District Court for Johnson County, Carl D. Baker,
Judge.

Bill and Evelyn West appeal the jury verdict in this personal injury action
against August Zieglowsky and Systems Unlimited.  **AFFIRMED.**

Howard E. Zimmerle of Warner & Zimmerle, Davenport, for appellants.

James P. Craig of Lederer Weston Craig PLC, Cedar Rapids, for appellee
Systems Unlimited, Inc.

Matthew Nagle of Lynch Dallas, P.C., Cedars Rapids, for appellee August
Zieglowsky.

Considered by Doyle, P.J., and Tabor and Bower, JJ.

**BOWER, J.**

Bill and Evelyn West (West) appeal the jury verdict in this personal injury action against August Zieglowsky and Systems Unlimited (Systems). West argues the district court erred in admitting evidence of West's history of exaggerating the severity of his physical condition. We find the challenged evidence was relevant and not unfairly prejudicial. We affirm.

## I.      Background Facts and Proceedings

Bill West was injured in an automobile accident when the semi he was driving was struck by a vehicle driven by August Zieglowsky.[1] West alleged Zieglowsky was negligent in operating the motor vehicle and brought claims for past and future medical expenses, past and future lost wages, loss of earning capacity, past and future loss of function of mind and body, past and future pain and suffering, and loss of spousal consortium.[2]

West argues the jury's verdict was unfairly prejudiced by the presentation of evidence concerning his prior injuries. More specifically, the evidence showed West had, when previously injured, exaggerated and reported symptoms that did not match objective medical observations.

After initially deciding to exclude the evidence, the district court admitted the evidence as relevant on the issue of the existence and extent of West's injuries.

---

[1] At the time of the accident, Zieglowsky was driving the vehicle in the course and scope of his employment with Systems Unlimited.
[2] Evelyn West also brought a claim for loss of consortium. Evelyn's claim is not at issue in this appeal.

## II.     Standard of Review

"We review evidentiary rulings for abuse of discretion." *State v. Huston*, 825 N.W.2d 531, 537 (Iowa 2013). We will reverse the decision of the district court only where it impacts the substantial rights of the complaining party. Iowa R. Evid. 5.103(a); *McClure v. Walgreen Co.*, 613 N.W.2d 225, 235 (Iowa 2000).

## III.     Discussion

West argues admission of the evidence concerning his history of exaggeration, when describing his physical condition, was improper because the value of the evidence was outweighed by the danger of unfair prejudice.

When considering whether evidence should have been admitted or excluded, we must answer two questions. *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000). First, is the evidence relevant; and second, if it is relevant, is the value of the evidence substantially outweighed by the danger of unfair prejudice. *Id.* West appears to concede the first question, whether the evidence is relevant. We agree. The more important question is whether the value of the evidence is outweighed by the danger of unfair prejudice. *See* Iowa. R. Evid. 5.403.

Our supreme court has approved the admission of evidence of past injuries or sickness when the evidence helps the jury understand the extent of the present injury. *Pexa v. Auto Owners Ins. Co.*, 686 N.W.2d 150, 158–59 (Iowa 2004). Recognizing all evidence will result in some prejudice, we are directed to focus upon whether that prejudice is unfair; tending to lead the jury to make determinations based upon an improper or emotional, basis. *See id.*

We find the challenged evidence to be relevant both to causation and the extent of West's damages. The evidence was of greater importance on the loss of consortium and pain and suffering claims, because part of the jury's task was to consider how West was able to enjoy life both before and after the accident. *See id.*; *Poyzer v. McGraw*, 360 N.W.2d 748, 753 (Iowa 1985). Evidence of West's past injuries, and particularly the accuracy of his complaints, could assist the jury in evaluating his present condition.

The evidence represents an attack on West's credibility and therefore carries a substantial danger of arousing the emotions of the jury. In this instance, however, we find the evidence is not unfairly prejudicial, and the probative value of the evidence is substantial for the purpose of assisting the jury in understanding and evaluating West's claims. We find the district court did not abuse its discretion in admitting the challenged evidence.

West also argues the evidence should have been excluded because it confused the issues and served to distract the jury. West relies upon *Mohammed v. Otoadese*, 738 N.W.2d 628, 633 (Iowa 2007), where our supreme court cautioned against district courts admitting evidence of prior, unrelated claims. For the purpose offered here, we find the evidence is not confusing and was not likely to lead to the consideration of collateral issues. The evidence did not tend to negatively reflect upon West's character as someone unreasonably accident prone or litigious. *See Nepple v. Weifenbach*, 274 N.W.2d 728, 733 (Iowa 1979). The fact is West's prior injuries were not presented to the jury, as in *Nepple*, with no direction on how to use the information. Rather, the evidence

was provided for a specific, easily understood, guided, and relevant purpose—to assist the jury in understanding the extent of West's injuries and to assess the credibility of his injury claims. The district court did not abuse its discretion in admitting the evidence for these purposes.

**AFFIRMED.**